IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
JUN 07 2004
LUTHER

| | |
|---|---|
| KIMBERLY McCLURE ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action File No: 1:04-CV-1259 |
| v. ) | |
| ) | |
| TAN SOUTH, LLC, d/b/a PALM ) | |
| BEACH TAN, and PALM BEACH ) | |
| TAN, INC. ) | |
| ) | |
| Defendants ) | |

## BRIEF IN RESPONSE TO DEFENDANT PALM BEACH TAN, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COMES NOW the Plaintiff KIMBERLY McCLURE, who files this BRIEF IN RESPONSE TO DEFENDANT PALM BEACH TAN, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, showing the Court as follows:

INTRODUCTION

This tort action was filed in the State Court of Fulton County, but was removed to this Court. After removal, the instant motion to dismiss was filed. The entire basis for the motion was that the claims against Defendant Palm Beach Tan, Inc. alleged in the original complaint were stated in terms of negligent invasion of privacy and negligent infliction of emotional distress, which Defendant Palm Beach Tan, Inc. has

1




asserted are not recognizable claims under Georgia law.  On June 7, 2004, the Plaintiff filed an AMENDED COMPLAINT FOR DAMAGES in which certain acts of Defendant Palm Beach Tan, Inc. are characterized as intentional acts, which the Defendant knew or should have known would cause the exact harm to the Plaintiff that in fact occurred.

The entire issue in this motion is whether or not the acts of Palm Beach Tan, Inc. should properly be characterized as intentional.  If they are in fact intentional, then this case should not be dismissed.

## STATEMENT OF FACTS

There has been no discovery yet completed in this case, so this statement of facts is limited to the allegations stated in the Complaint.  They are presumed to be true in their entirety, because Palm Beach Tan, Inc. has filed no answer, depending instead on the instant motion.

Plaintiff alleges that Palm Beach Tan, Inc. dictated the floor design, or lay-out, of its public commercial tanning facilities, including those operated by its franchisees, such as Defendant Tan South, LLC.  This lay-out required putting a large window in a tanning room located adjacent to the reception area.  These windows could be covered from a curtain controlled from the reception desk, as well as an interior hidden curtain that could be operated from a switch, which was not marked.

Plaintiff alleges that she was directed into one of these tanning rooms, with the outside curtain closed. She alleges that no one showed her the interior curtain, and the exterior one was closed when she entered the room. She further alleges that while she was distracted someone at reception opened the exterior curtain without her knowledge. She further alleges that she presumed the window to be of one-way glass, so that persons in the reception area could not see her. She alleges that she disrobed entirely as directed and used the tanning equipment as directed.

Upon her return, she discovered that the window was of normal glass, and was met with lewd snickering from the young men operating the reception, who had also been there at the time of her previous tanning experience. She alleges that when she complained, she was informed that this had happened previously, and was offered twenty free tans as compensation.

The amended complaint alleges that Palm Beach Tan, Inc. had knowledge that the windows required in their lay-out was being used to "peep" at customers, and that Palm Beach Tan, Inc.'s refusal to correct this issue constituted an intentional tort directed at persons such as her and others similarly situated. The Defendant argues that the conduct was merely negligent, and therefore, not actionable.

## BRIEF AND CITATION OF AUTHORITY

The Plaintiff has alleged that Palm Beach Tan, Inc., had actual knowledge that

the design they had dictated to their franchisee was being used by employees to "peep" at customers, and chose not to correct the design to prevent this conduct from continuing. Plaintiff alleges that this constituted an "intentional" tort at those customers abused in this manner after Palm Beach Tan, Inc. acquired such knowledge. Palm Beach Tan, Inc. claims this is at most negligent.

As such, this is a question of fact, which should properly be decided by a jury. Dismissal of this action would be inappropriate at this time.

The legal principles that control this case are accurately cited in the motion at bar. If the Defendant's conduct is merely negligent as a matter of law, then they are entitled to a dismissal. However, it is alleged that Palm Beach Tan, Inc. had actual knowledge of the abuse of its customers, and made a deliberate decision not to correct the problem, inviting continuation of the exact conduct at issue in this case. Plaintiff shows that actual knowledge and acceptance of circumstances known to invite injury goes beyond negligence, and is in fact an intentional tort. Georgia law recognizes that intentional torts include circumstances where a willful, wanton and malicious tort resulting in pain and suffering will authorize a recovery for damages. <u>Marcelli v. Teasley</u>, 33 SE2d 836; 72 Ga. App. 421. Further, Georgia law also recognizes that an act can be deemed "malicious" and therefore "intentional" when a defendant's conduct marked by a state of mind which is reckless of law and legal rights of

4

citizens, even without "hate" or "ill will" directed at the victim. Plaintiff shows that Defendant Palm Beach Tan, Inc.'s conduct falls into both of these circumstances, and the case should not be dismissed.

More recently, intentional infliction of emotional distress as a tort has been defined as requiring a showing of: 1) Defendants conduct was extreme and outrageous; 2) defendant acted intentionally or recklessly; 3) defendant's conduct caused emotional distress; and 4) resulting emotional distress is severe. Lightning v. Roadway Exp., Inc., 60 F.3d1551 (1995). Plaintiff shows that each of these requirements is met in the case at bar.

This 7th day of June, 2004.

Robert C. Koski
Ga. Bar No. 428580

THE KOSKI FIRM
24 Lenox Pointe
Atlanta, GA 30324
(404) 814-9700

## CERTIFICATE OF SERVICE

I, Robert C. Koski, hereby certify that a copy of the foregoing pleading has been served on the on all parties to this matter; by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon.

Jason S. Bell
Thomas M. Barton
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309-3592

Henry E. Scrudder, Jr.
Michael P. Kohler
GOLDNER, SOMMERS, SCRUDDER & BASS, LLP
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339

Brian C. Near
NEAR LAW FIRM
1932 North Druid Hills Road
Suite 100
Atlanta, Georgia 30319

This 27th day of June, 2004.

Robert C. Koski
Ga Bar No. 428580

24 Lenox Pointe
Atlanta, Georgia 30324
(404) 814-9700